KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Saul Beltran-Ojeda, | No. CV 12-1287-PHX-DGC (MEA) |
| Plaintiff, | |
| vs. | **ORDER** |
| John Doe, et al., | |
| Defendants. | |

On June 15, 2012, Plaintiff Saul Beltran-Ojeda, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an August 2, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On August 30, 2012, Plaintiff filed a First Amended Complaint. In an October 31, 2012 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On December 3, 2012, Plaintiff filed a Second Amended Complaint (Doc. 10). The Court will order Defendant Arpaio to answer Count One of the Second Amended Complaint, will order Defendant Friedman to answer a portion of Count Two, and will

**TEMPSREF**

1    dismiss the remaining claims and Defendants without prejudice.

2    **I.       Statutory Screening of Prisoner Complaints**

3      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

  A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

TERMPSREF

1  *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

2  **II.    Second Amended Complaint**

3  Plaintiff names the following Defendants in the Second Amended Complaint: John Doe, Maricopa County Sheriff Joseph Arpaio, and Dr. Richard Friedman.

Plaintiff raises two claims for relief. In Count One, Plaintiff alleges that his Fourteenth Amendment rights were violated when he contracted hepatitis C during his confinement in the Fourth Avenue Jail. Plaintiff claims that he was forced to use unsanitary hair clippers and nail clippers despite repeated requests to change the policy. Plaintiff further claims that "Joe Arpaio, under his supervision would allow no changes implemented or warning to be given by his staff that inmates should possibly be warned in advance of possible danger when using head clippers or nail clippers." Plaintiff further claims that Defendant Arpaio was deliberately indifferent to unsafe conditions of confinement and that as a result of Defendant Arpaio's policies, Plaintiff contracted hepatitis C.

In Count Two, Plaintiff claims Defendant Friedman violated his Fourteenth Amendment rights by providing inadequate medical care. Plaintiff claims that Defendant Friedman failed to inform Plaintiff of the results of Plaintiff's initial blood tests when Plaintiff entered the jail in 2010 and discriminated against Plaintiff because of Plaintiff's race by denying several of Plaintiff's requests for medical care. Plaintiff alleges that after he was diagnosed with hepatitis C, Defendant Friedman failed to treat his symptoms "despite obvious stresses caused by the virus." Plaintiff also claims that his medical records show urine samples taken in May 2010 were lost. Finally, Plaintiff claims that Defendant Friedman refuses to provide medical treatment pursuant to Defendant Arpaio's instructions.

Plaintiff seeks injunctive relief and money damages.

**III.   Failure to State a Claim**

**A.    Defendant Doe**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a

specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not made any factual allegations against Defendant Doe and has therefore failed to state a claim against this Defendant. The Court will dismiss without prejudice Defendant Doe.

### B.     Count Two

To state an Eighth or Fourteenth Amendment medical claim, a prisoner must show deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id*. This subjective approach focuses upon the mental attitude of the defendant. *Id*. at 839.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle*, 429 U.S. at 104). The harm need not be substantial. *Id*. (citing *Estelle*, 429 U.S. at 104).

Medical malpractice or negligence is insufficient to establish a violation. *Toguchi*, 391 F.3d at 1060. Therefore, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. *Toguchi*, 391 F.3d at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. *Jett*, 429 F.3d at 1096.

Plaintiff's claims that Defendant Friedman failed to immediately inform him of his blood test results in 2010 and that Defendant Friedman refused to see him on several occasions are not sufficient to state a claim. Both claims demonstrate, at most, that

Defendant Friedman may have acted negligently. Negligence is not sufficient to state an Eighth or Fourteenth Amendment medical claim. The Court will therefore dismiss Plaintiff's claims in Count Two relating to medical testing and appointments.

Further, Plaintiff's allegations against Defendant Arpaio in Count Two are not sufficient to state a claim. There is no *respondeat superior* liability under § 1983, therefore a defendant's position as the supervisor of a person who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To the extent Plaintiff claims that Defendant Arpaio is liable for inadequate medical care because he supervises Defendant Friedman, Plaintiff has failed to state a claim.

Moreover, Maricopa County, not Defendant Arpaio, is responsible for providing medical care to county jail inmates. *See* Ariz. Rev. Stat. § 11-291(A). Accordingly the Court will dismiss Plaintiff's claims against Defendant Arpaio in Count Two.

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated a Fourteenth Amendment conditions of confinement claim in Count One against Defendant Arpaio. The Court will require Defendant Arpaio to answer Count One.

The Court will also require Defendant Friedman to answer the portion of Count Two in which Plaintiff claims that Defendant Friedman refused to treat Plaintiff for hepatitis C.

**V.     Warnings**

   **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with

Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's claims in Count Two regarding medical testing and medical appointments, as well as his claims against Defendant Arpaio in Count Two, are **dismissed** without prejudice.

(2)   Defendant Doe is **dismissed** without prejudice.

(3)   Defendant Arpaio must answer Count One of the Second Amended Complaint and Defendant Friedman must answer Plaintiff's hepatitis C claims in Count Two.

(4)   The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 10), this Order, and both summons and request for waiver forms for Defendants Arpaio and Friedman.

(5)   Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not

TERMPSREF

1 provide service of process if Plaintiff fails to comply with this Order.

2       (6)    If Plaintiff does not either obtain a waiver of service of the summons or
3 complete service of the Summons and Second Amended Complaint on a Defendant
4 within 120 days of the filing of the Complaint or within 60 days of the filing of this
5 Order, whichever is later, the action may be dismissed as to each Defendant not served.
6 Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

7       (7)    The United States Marshal must retain the Summons, a copy of the Second
8 Amended Complaint, and a copy of this Order for future use.

9       (8)    The United States Marshal must notify Defendants of the commencement
10 of this action and request waiver of service of the summons pursuant to Rule 4(d) of the
11 Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this
12 Order.  **The Marshal must immediately file signed waivers of service of the**
13 **summons.  If a waiver of service of summons is returned as undeliverable or is not**
14 **returned by a Defendant within 30 days from the date the request for waiver was**
15 **sent by the Marshal, the Marshal must**:

16       (a)    personally serve copies of the Summons, Second Amended
17 Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal
18 Rules of Civil Procedure; and

19       (b)    within 10 days after personal service is effected, file the return of
20 service for Defendant, along with evidence of the attempt to secure a waiver of
21 service of the summons and of the costs subsequently incurred in effecting service
22 upon Defendant.  The costs of service must be enumerated on the return of service
23 form (USM-285) and must include the costs incurred by the Marshal for
24 photocopying additional copies of the Summons, Second Amended Complaint, or
25 this Order and for preparing new process receipt and return forms (USM-285), if
26 required.  Costs of service will be taxed against the personally served Defendant
27 pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise
28 ordered by the Court.

TERMPSREF

(9)   **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10)   Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(12)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 18th day of January, 2013.

_____
David G. Campbell
United States District Judge

TERMPSREF