JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Saul Beltran-Ojeda, | No. CV 12-1287-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| John Doe, et al., | |
| Defendants. | |

Plaintiff Saul Beltran-Ojeda brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio and Dr. Richard Friedman (Doc. 10). Before the Court is Defendants' Motion to Dismiss (Doc. 16), which Plaintiff opposes (Doc. 18). The Court will deny the motion without prejudice.

**I.     Background**

In Count I of his Second Amended Complaint, Plaintiff alleged that his Fourteenth Amendment rights were violated when he contracted hepatitis C during his confinement in the Fourth Avenue Jail (Doc. 10 at 3). Plaintiff claimed that he was forced to use unsanitary hair and nail clippers despite requests to change the policy. According to Plaintiff, Arpaio was deliberately indifferent to unsafe conditions of confinement and, as a result, Plaintiff contracted hepatitis C (id.).

In Count II, Plaintiff alleged that Dr. Friedman violated his Fourteenth Amendment rights when he failed to treat Plaintiff's hepatitis C symptoms (id. at 4).

Defendants now move to dismiss Plaintiff's claims on the grounds that he failed to

exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. 16).[1]

## II.     Exhaustion Legal Standard

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. There can be no absence of exhaustion unless a defendant demonstrates that applicable relief remained available in the grievance process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. And when considering disputed issues of fact, a court has broad discretion as to the method used in resolving the dispute because "there is no right of jury trial" as to an issue arising in a pre-answer motion. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted). If a court finds that the plaintiff failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Wyatt, 315 F.3d at 1120.

## III.    Parties' Contentions

### A.     Defendants' Motion

In support of their motion, Defendants submit the affidavit of Lourdes Hernandez, a

---

[1] Defendants also move to dismiss for failure to serve Arpaio (Doc. 16 at 1, 3-4). Service on Arpaio has since been executed, and this ground for dismissal is moot (see Doc. 19).

- 2 -

1   Sergeant assigned to the Maricopa County Sheriff's Office (MCSO) Inmate Hearing Unit
2   (Doc. 16, Ex. A, Hernandez Aff. ¶ 1). She states that the inmate grievance procedures are
3   set forth in MCSO Policy DJ-3 and that inmates are notified of the grievance procedures
4   when they receive the "MCSO Rules and Regulations for Inmates" (id. ¶¶ 3-4). Hernandez
5   explains that the grievance procedure is a three-tiered system that includes: (1) the initial
6   grievance and decision by the Bureau Hearing Officer; (2) the Institutional appeal, and (3)
7   the External appeal (id. ¶ 4). Hernandez further states that the Inmate Grievance Form, a
8   copy of which is attached to her affidavit, contains the standard language that explains the
9   steps in the grievance process (id. ¶ 5, Attach. 3).

10   Hernandez avers that she reviewed the inmate grievance records for Plaintiff and
11   found that during his incarceration at the jail, he filed 22 grievances, 20 of which pertained
12   to medical care (id. ¶¶ 6-7). Hernandez states that the records reflect Plaintiff exhausted just
13   one of these grievances—Grievance #2012-11048 (id. ¶ 8). She states that the exhausted
14   grievance did not pertain to either of the claims raised in this action (id.).

15   In their motion, Defendants rely on this evidence to argue that Plaintiff failed to
16   exhaust remedies for his claims, and they contend that the action should be dismissed with
17   prejudice because Plaintiff cannot cure the defects in his case (Doc. 16 at 7).

18   **B.    Plaintiff's Response**[2]

19   In his response, Plaintiff asserts that he exhausted all available administrative
20   remedies (Doc. 18 at 1). He states that he began to submit grievances in May 2012, and that
21   in addition to grievances, he submitted Inmate Institutional Grievance Appeals forms (id. at
22   2). Plaintiff avers that because he was not satisfied with the appeal responses, he indicated
23   on the forms that the appeals were to be forwarded to the External Referee (id. at 2-3).
24   Plaintiff explains that after 6 months of pleading for treatment through Health Needs
25   Requests (HNRs) and grievances, he received a liver biopsy (id.). He states that following

26

---

27     [2]The Court issued the Notice required under Wyatt, 315 F.3d at 1120 n. 14, which
28   informed Plaintiff of his obligation to respond and the evidence necessary to successfully
     rebut Defendants' contentions (Doc. 17).

1 the biopsy, he again was refused medical attention, so he then exhausted the grievance
2 system by submitting an Institutional appeal and an External appeal (id., ref. to Grievance
3 #2012-11048). Plaintiff relies on the External Referee's response, which outlines all the
4 medical care Plaintiff received at the jail beginning in January 2012, to argue that his appeal
5 related to his hepatitis C issues and served to exhaust remedies for his claims (id. at 4, 7-8).

6 Plaintiff alleges that jail officials violated the grievance procedure, in part because the
7 same official appears to sign the HNRs, inmate grievances, and the Institutional appeals (id.
8 at 5). He further alleges that Defendants provide incorrect information regarding the
9 procedure for a medical grievance (id. at 6). According to Plaintiff, medical grievance
10 procedures are not as Hernandez states in her affidavit, nor are the procedures properly
11 explained by defense counsel in the Motion to Dismiss (id.). Plaintiff also notes that the
12 Inmate Grievance Form attached to Hernandez's affidavit is an outdated form (id. at 6, ref.
13 to Doc. 16, Ex. A, Attach. 3).

14 Plaintiff attaches to his response copies of numerous inmate grievance forms (Doc.
15 18 at 30-35, 40-42), Institutional appeal forms (id. at 36-39, 43), and his External appeal for
16 Grievance #2012-11048 and the response thereto (id. at 44-47).

17 **C.  Defendants' Reply**

18 Defendants assert that Plaintiff's exhausted grievance—Grievance #2012-
19 11048—pertains to Plaintiff's complaint about pain following his liver biopsy and does not
20 concern the claims underlying his lawsuit; namely, how he contracted hepatitis C and the
21 failure to treat his condition (Doc. 20 at 2). They also assert that Plaintiff did not submit
22 Grievance #2012-11048 until October 15, 2012, which was months after he initiated this
23 lawsuit on June 15, 2012 (id.). According to Defendants, although Plaintiff's grievance was
24 exhausted before the Second Amended Complaint was filed, the relevant inquiry is whether
25 the grievance was exhausted prior to the date the lawsuit was initially filed (id.). They
26 conclude that because Plaintiff's grievance was not exhausted at the time this lawsuit was
27 started, the action must be dismissed (id.).

28

### IV.     Analysis

As stated, Defendants must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; see also Brown, 422 F.3d at 936-37. Relevant evidence showing the available remedies includes "regulations," "other official directives that explain the scope of the administrative review process[,]" and "documentary or testimonial evidence from prison officials who administer the review process." Brown, 422 F.3d at 937. If Defendants fail to submit adequate and complete documents to establish what remedies were available, they cannot satisfy their burden on exhaustion. See Wyatt, 315 F.3d at 1120 & n. 15 (vacating and remanding for development of the record where the documents produced by the defendants were inadequate to establish failure to exhaust).

In their reply, Defendants do not respond to and do not rebut Plaintiff's claims that they failed to provide the correct information regarding the medical grievance procedure available at the jail (see Doc. 18 at 6). Indeed, Defendants present different versions of the available grievance procedure. In her affidavit, Hernandez, the Inmate Hearing Unit Sergeant, explains the three steps in the regular grievance procedure, but she does not describe the medical grievance procedure (Doc. 16, Ex. A, Hernandez Aff. ¶ 4). In the Motion to Dismiss, defense counsel describes a lengthy procedure for submitting a medical grievance: (1) submit a grievance form to detention personnel; (2) if unresolved, the grievance is forwarded to the shift supervisor; (3) if still unresolved, the shift supervisor forwards the grievance to a hearing officer; (4) if not satisfied, the inmate forwards the grievance to the charge nurse; (5) if not resolved, the hearing officer forwards the grievance to the nurse manager; (6) if not resolved by the nurse manager, the inmate may file an Institutional Grievance appeal; and (7) if still not resolved, the inmate may file an External Grievance appeal (Doc. 16 at 5). A shorter procedure for medical grievances is set forth in the proffered copy of MCSO Policy DJ-3: (1) submit an inmate grievance form to an officer, who forwards it to the Hearing Unit (id., Ex. A, Attach. 1 ¶ 2(A)(4)); (2) the Hearing Unit forwards the grievance to the responsible charge nurse (id. ¶ 2(D)); (3) if unresolved by the

charge nurse, the inmate may file an Institutional Grievance Appeal Form (id. ¶ 2(D)(3)); and (4) if unresolved, the inmate may file an External Grievance Appeal Form (id. ¶ 4(A)(2)).

On this record, it is unclear what the exact steps are for a medical grievance. Defendants have therefore failed to satisfy the initial burden of demonstrating the procedure that is available for an inmate to grieve a medical complaint.

Further, as to Defendants' argument that Plaintiff's exhausted grievance does not suffice because it was not exhausted prior to the date he initiated this lawsuit, they fail to address whether Rhodes v. Robinson applies to either claim in Plaintiff's Second Amended Complaint. 621 F.3d 1002, 1006-07 (9th Cir. 2010) (if new claims arise after the original Complaint is filed, the exhaustion requirement is satisfied with respect to these new claims if they are exhausted prior to the filing of a supplement, amended complaint).

The Court will deny Defendants' Motion to Dismiss without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 16).

(2) Defendants' Motion to Dismiss (Doc. 16) is **denied** without prejudice.

(3) Within **10 days** from the date of this Order, Defendants must file either an Answer or new motion to dismiss.

DATED this 17th day of July, 2013.

_____
David G. Campbell
United States District Judge