JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Saul Beltran-Ojeda, | No. CV 12-1287-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| John Doe, et al., | |
| Defendants. | |

Plaintiff Saul Beltran-Ojeda brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio and Dr. Richard Friedman (Doc. 10). On November 18, 2013, the Court entered an Order granting in part and denying in part Defendants' Motion to Dismiss and dismissed Arpaio as a Defendant (Doc. 29). Before the Court is Plaintiff's Motion for Reconsideration of part of that Order (Doc. 35). The Court did not order a response to the motion. See LRCiv 7.2(g)(2). The Court will deny Plaintiff's motion.

**I.     Background**

In Count I of his Second Amended Complaint, Plaintiff alleged that Arpaio was deliberately indifferent to unsafe conditions of confinement and, as a result, Plaintiff contracted hepatitis C (Doc. 10 at 3). In Count II, Plaintiff alleged that Dr. Friedman failed to treat Plaintiff's hepatitis C symptoms (id. at 4).

Defendants moved to dismiss Plaintiff's claims on the ground that he failed to

properly exhaust administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (Doc. 24). The Court found there was no evidence that Plaintiff filed a grievance related to his claim in Count I and dismissed that Count (Doc. 29 at 8). But the evidence showed that Plaintiff grieved his claim in Count II and, thereafter, remedies were effectively unavailable for him to complete his appeal (id. at 9). Thus, the Court denied the motion as to Count II.

In his Motion for Reconsideration, Plaintiff seeks reconsideration of the prior ruling as to Count I and asks the Court to consider evidence attached to his motion (Doc. 35 at 1). He asserts that the attached documents support that Correctional Health Services (CHS)—the jail medical provider—and its employees require inmates to pay for their own medical records and then provide incomplete records or delay providing records (id. at 2-3; Doc. 35-2 at 8). Plaintiff further asserts that his evidence shows CHS lost some of his medical documents, failed to respond properly to his medical needs, and failed to provide him test results (Doc. 35 at 2-3; Doc. 35-1 at 7; Doc. 35-3 at 8-9). According to Plaintiff, some of his grievance documents were destroyed by jail officers or withheld by Defendants during briefing on the Motion to Dismiss (Doc. 35-2 at 9-10). Lastly, Plaintiff maintains that his evidence shows that CHS and Dr. Friedman did nothing to improve his condition (Doc. 35-4 at 12).

## II.    Applicable Standard

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have

1   been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877,
2   890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously
3   made in support of or in opposition to a motion. Motorola, Inc. v. J.B. Rodgers Mech.
4   Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

5   **III.    Discussion**

6   A motion for reconsideration must be filed within 14 days of the date of the Order that
7   is the subject of the motion. LRCiv 7.2(g)(2). Plaintiff filed his Motion for Reconsideration
8   approximately 2 months after the Court entered its Order on Defendants' Motion to Dismiss
9   (Doc. 29 (Order dated Nov. 18, 2013); Doc. 35 (Mtn. filed Jan. 17, 2014)). Accordingly,
10  Plaintiff's motion is untimely and will be denied on this ground.

11  Even if the Court considers Plaintiff's motion, there is no basis for reconsideration.
12  The majority of Plaintiff's arguments and evidence pertain to the merits of his claim against
13  Dr. Friedman, which is the claim alleged in Count II. That Count was not dismissed.
14  Further, the Motion to Dismiss argued only failure to exhaust, and in deciding a motion to
15  dismiss for nonexhaustion, the Court does not address the merits of the claim. See Wyatt v.
16  Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (dismissal for failure to exhaust remedies is
17  not on the merits).

18  As to the grievance documents that Plaintiff submits with his motion, this evidence
19  could have been presented with his briefing on the Motion to Dismiss. See Kona Enters., 229
20  F.3d at 890. Moreover, these documents do not establish exhaustion because they do not
21  pertain to the claim in Count I, and most of them are dated post-June 4, 2012, the date
22  Plaintiff filed his original Complaint alleging the same claim (see Doc. Doc. 35-1 at 8; Doc.
23  35-2 at 5; Doc. 35-3 at 3, 5; Doc. 35-4 at 6).[1] The two pre-June 4, 2012 grievances Plaintiff
24  submits are both dated May 19, 2012 (Doc. 35-3 at 7; Doc. 35-4 at 11); however, the Court

---

[1] In its prior Order, the Court explained that both claims in Plaintiff's Second Amended Complaint were raised in his original Complaint; therefore, he was required to exhaust remedies for each claim prior to filing his original Complaint (Doc. 29 at 6-7). See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

1  reviewed these grievances in its prior Order and found that neither one relates to the claim
2  in Count I (Doc. 29 at 7). Plaintiff provides no information or description of the grievances
3  he alleges were destroyed or withheld by Defendants (see Doc. 35-2 at 2).
4      For the above reasons, Plaintiff's Motion for Reconsideration will be denied.
5      **IT IS ORDERED that** reference to the Magistrate Judge is withdrawn as to
6  Plaintiff's Motion for Reconsideration (Doc. 35) and the motion is **denied**.
7      DATED this 18th day of March, 2014.

_____
David G. Campbell
United States District Judge